IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ABANOOB ABDEL-MALAK, <br> also known as Abanoob Mounir Malak, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF TEXAS, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:21-CV-047-Z-BR |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE,
REMAND TO THE JUSTICE OF THE PEACE COURT**

Before the Court is Plaintiff Abanoob Abdel-Malak's ("Plaintiff's") Complaint and/or "Petition for Removal." (ECF 3). For the reasons explained below, the Court RECOMMENDS that this lawsuit be DISMISSED without prejudice for lack of subject matter jurisdiction. To the extent that Plaintiff improperly attempted to remove this case from Gray County, Texas Justice of the Peace (Precinct 2) Court to this Court (as titled by his filing), this case must be REMANDED to the Gray County, Texas Justice of the Peace (Precinct 2), Presiding Judge Ogle.

## I.  FACTUAL BACKGROUND

On or about January 24, 2021 Plaintiff was issued a citation by the Texas Department of Public Safety ("DPS"), for the following violations:

> Speeding (10%) or more above the posted limit (Cause No. 093431)
> Driving in the Left Lane When Not Passing or Where Prohibited (Cause No. 093432)

(ECF 3-1 at 2; ECF 3 at 2). With his Complaint/Notice of Removal, Plaintiff submitted documentation of his citation for these charges. (*See id*.). Plaintiff alleges that on March 4, 2021 a

Notice of Failure to Satisfy Judgment was issued based on his failure to pay the judgment issued against him for these violations. (*See id*. at 5-6).

Plaintiff filed a declaration attached to his Complaint, alleging that he is the victim of fraud and corruption as a result of proceedings occurring in courts in California. (ECF 3-2 at 2). This filing contains no allegations against his treatment by the Defendant, the State of Texas. (*See id*.). Further, Plaintiff's vague reference to "conspiracy" regarding all state governments (California and Texas) is not supported by any factual allegations whatsoever.

Plaintiff states he "cannot properly state his grounds for removal" because of lack of access to the electronic case file for the underlying charges. (ECF 3 at 3). However, Plaintiff also alleges that this lawsuit is a 28 U.S.C. § 1983 action, and thereby the Court has jurisdiction. (*See id*.).

## II. STANDARD OF REVIEW

*Sua sponte* dismissal of a lawsuit is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *See Dilworth v. Dallas Cnty. Comm'ty College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996). A lack of subject matter jurisdiction may be raised *sua sponte* by the Court at any time. *See Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 336 (5th Cir. 1999). Moreover, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc*., 748 F.2d 1058, 1067 (5th Cir. 1984).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal

2

forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court considered all of Plaintiff's pleadings and filings to determine whether facts exist to support subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts a plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). A plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction … only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

### III.   ANALYSIS

**Subject Matter Jurisdiction**

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction. "Federal courts are courts of limited

jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of this circumscribed power, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen*, 511 U.S. at 377; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a *pro se* plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).

Plaintiff cites 42 U.S.C. § 1983 as a basis for jurisdiction of his suit. However, Plaintiff sues the State of Texas as the only Defendant, and makes no allegations of civil rights or constitutional violations by any individuals in his Complaint/Notice of Removal. It is well-established that state agencies, such as DPS, are not "persons" for § 1983 purposes. *See Hyatt v. Sewell*, 197 Fed. Appx 370 (5th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The same is obviously true of the State of Texas. *See Will*, 491 U.S. at 71. Thus, no

4

basis for jurisdiction exists against this Defendant under this statutory provision. Further, a review of all pleadings and filings does not reveal a basis for this Court to exercise jurisdiction over this lawsuit.

Additionally, diversity jurisdiction does not exist in this case. In *Postal Telegraph Cable Co. v. Alabama*, the Supreme Court held:

> A State is not a citizen ... [Therefore,] a suit between a State and a citizen or corporation of another State is not between citizens of different States [and the federal courts have] no jurisdiction of it, unless it arises under the Constitution, laws or treaties of the United States.

155 U.S. 482, 487 (1894).

The Fifth Circuit recognized the validity of this rule. In *Texas Department of Housing and Community Affairs v. Verex Assurance, Inc.*, the Fifth Circuit wrote:

> This action was removed to federal district court on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. In an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction. Likewise, state agencies that are the alter ego of the state are not citizens for the purposes of diversity jurisdiction.

68 F.3d 922, 926 (5th Cir. 1995).

Here, Plaintiff sues the State of Texas. Thus, there is no diversity of citizenship for this lawsuit.

**Attempted Removal of Criminal Case to Federal Court**

It actually appears that Plaintiff wishes to remove his Gray County, Texas Justice of the Peace (Precinct 2) criminal case to federal court. (ECF 3 at 1). By his Complaint/Notice of Removal, Plaintiff challenges these traffic citations. (*See id.*). These are criminal violations. *See* TEX. TRANS. CODE ANN. §§ 545.351; 545.352; 544.001; 544.004.

28 U.S.C. § 1443(1) provides for removal of a criminal action when the criminal proceeding is "[a]gainst any person who is denied or cannot enforce in the courts of such State a

5

right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Plaintiff's Complaint/Notice of Removal, liberally construed, fails to invoke jurisdiction for removal.

"[I]t must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotation marks and alterations omitted). While Plaintiff's Complaint argues that his "constitutional rights" were violated by the State of Texas, this is untrue. Texas law expressly requires a defendant be provided an opportunity to be heard, and Plaintiff's own Complaint and attachments clearly reflect the opportunity for process. (ECF 3-1 at 2-3). Further, there are no factual allegations in the Complaint that support any specified federal rights cannot be presented in Gray County, Texas Justice of the Peace (Precinct 2) court. There is no dispute that Plaintiff was provided a court date in the state court action. Because there is no indication that Plaintiff lacks the ability to enforce his rights, no jurisdiction exists under § 1443. Accordingly, the Court recommends this case be REMANDED for lack of subject matter jurisdiction if any proper removal paperwork is filed by Plaintiff.

## IV.   CONCLUSION

As this Court lacks subject matter jurisdiction over the Plaintiff's claims, the Court must dismiss Plaintiff's Complaint. In the alternative, to the extent that Plaintiff has attempted to remove his criminal case to this Court, the case should be REMANDED back to Gray County, Texas Justice of the Peace Court (Precinct 2), Presiding Judge Ogle.

## V.   RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Chief District Judge that Plaintiff's Complaint should be DISMISSED

without prejudice, for lack of subject matter jurisdiction. In the alternative, it is the RECOMMENDATION that Plaintiff's criminal case be REMANDED back to Gray County, Texas Justice of the Peace Court (Precinct 2), Presiding Judge Ogle.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 20, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).